IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DERRICK DEON JONES PLAINTIFF

VS. CIVIL ACTION NO. 3:17-cv-510-FKB

HINDS COUNTY, MISSISSIPPI,
WARDEN MARY RUSHING, and
HINDS COUNTY SHERIFF VICTOR
MASON DEFENDANTS

**ORDER**

This case is before the Court on Defendants Motion for Summary Judgment [21]. Plaintiff Derrick Deon Jones brings this suit pursuant to 42 U.S.C. § 1983. He is proceeding *in forma pauperis* and *pro se*. He alleges that he was subjected to unconstitutional conditions of confinement while housed as a pretrial detainee at the Hinds County Detention Center ("HCDC"). Defendants contend that Jones failed to exhaust available administrative remedies prior to filing suit. For the following reasons, the Court finds that the motion should be granted.

**I. Factual Allegations**

Jones alleges that since his arrival at HCDC in 2014, he has been subjected to various unconstitutional conditions of confinement. He contends that he has been given inadequate clothing, his cell and unit common area are not adequately cleaned, the common area floods when it rains, he is served cold food, and his cell's ventilation duct is non-functional. [1]. Jones also alleges that trash is not picked up in the common area until in the evening, the facility lacks adequate activities for the inmates such as educational programs, he fears for his personal safety as the result of inadequate staffing (although he does not contend he has ever been attacked), and that his privileges are taken away when other inmates misbehave. *Id.*

Defendants filed the instant summary judgment motion [21], contending that Jones failed to exhaust available administrative remedies prior to filing this suit. In support, they submit an affidavit from the Grievance Officer at the Hinds County Sheriff's Office. [21-2] at 1-2. Attached to the affidavit are numerous documents, which the Grievance Officer testifies constitute "the complete inmate file on record for" Jones. *Id*. at 1. As the person "in charge of the administrative remedies program . . . at" HCDC and based on Jones's inmate file, the Grievance Officer testifies that "Jones did not file any grievances regarding the matters in the Complaint." *Id*. Defendants also submit a copy of the Hinds County Grievance Policy. *See* [21-1]. And in her affidavit, the Grievance Officer testifies that "upon in-processing," Jones had been made aware of the existence and procedure of the Hinds County administrative remedies program. [21-2] at 2.

The HCDC administrative remedies program contains three steps. *See* [21-1]. The first step requires the inmate to file a written grievance, stating the date of the incident, names of parties involved, a complete and accurate account of what happened, and the action being requested to resolve the grievance. [21-1] at 1. Once the grievance is submitted, the warden or commander will review the grievance to determine its merits and formulate any remedy deemed appropriate. *Id*. at 3. The warden or commander then provides to the inmate a first step response stating what, if any, actions will be taken regarding the matter. *Id*. If dissatisfied with the first step response, the inmate may proceed to step two by submitting a written appeal to an Appeal Hearing Detention Officer. *Id*. If the inmate disagrees with the Appeal Hearing Detention Officer's decision, the inmate may proceed to step three by submitting, in writing, "a final appeal directly to the Sheriff," and [t]he decision by the Sheriff is final." *Id*.

The Court held an omnibus hearing on October 31, 2018. During the hearing, Jones testified that he was aware of the administrative remedy process at HCDC. [33] at 22-23. He confirmed that he had received an inmate handbook upon intake to HCDC. *Id.* at 22-23, 25. He further confirmed that the handbook contained information about HCDC's administrative remedy program. *Id.* Jones testified that Defendants are not correct in their assertion that he never submitted a grievance. *Id.* at 21. According to Jones, he submitted several grievances concerning the flooding, mold, and food in mid-2016 to early-2017. *Id.* at 23-25. He also testified that he received a response. *Id.* at 25. However, he testified that he did not pursue any appeals. *Id.*

**II. Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of fact is genuine if the "'evidence is sufficient to permit a reasonable factfinder to return a verdict for the nonmoving party.'" *Lemoine v. New Horizons Ranch and Center*, 174 F.3d 629, 633 (5th Cir. 1999)(quoting *Colston v. Barnhart*, 146 F.3d 282, 284 (5th ir.), *cert. denied*, 525 U.S. 1054, (1998)). Issues of fact are material if "resolution of the issues might affect the outcome of the suit under governing law." *Lemoine*, 174 F.3d at 633. The Court does not, "however, in the absence of any proof, assume the nonmoving [or opposing] party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(*en banc*)(emphasis omitted). Moreover, the non-moving party's burden to come forward with "specific facts showing that there is a genuine issue for trial," *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), is not satisfied by "conclusory allegations" or by "unsubstantiated assertions," or by only a "scintilla" of evidence. *Little*, 37 F.3d at 1075.

A prisoner must exhaust available administrative remedies before bringing a § 1983 action. *Booth v. Churner*, 532 U.S. 731, 740 (2001); 42 U.S.C. § 1997e(a). The Prison Litigation Reform Act's exhaustion requirement is mandatory and applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *See Porter v. Nussle,* 534 U.S. 516 (2002); *Jones v. Bock*, 549 U.S. 199, 199–200 (2007)("There is no question that exhaustion is mandatory under the PLRA. . . ."). When examining the exhaustion requirement, the Fifth Circuit has ruled that

> [d]istrict courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint. It is irrelevant whether exhaustion is achieved during the federal proceeding. Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted.

*Gonzales v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). Moreover, [i]t is not enough to merely initiate the grievance process or to put prison officials on notice of a complaint; the grievance process must be carried through to its conclusion. *Walker v. East Miss. Corr. Facility*, Civil Action No. 4:10-cv-111–LRA, 2013 WL 4833901 (S.D. Miss. Sept. 11, 2013)(citing *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)(finding that filing an initial grievance, without more, did not equate to exhaustion)); *see also Tompkins v. Holman*, Civil Action No. 3:12-cv-87–LRA, 2013 WL 1305580 (S.D. Miss. Mar. 26, 2013)(dismissing Section 1983 complaint for failure to exhaust administrative remedies when prisoner filed a grievance, but did not complete the Administrative Remedy Program grievance before filing his lawsuit).

## III. Analysis

According to Jones's own testimony, he did not complete the administrative remedy process prior to filing suit. It is not enough that he filed a grievance concerning the issues in his

complaint; he must have also pursued and completed the appeals available to him through the program. He did not. Accordingly, the Court has no choice but to grant summary judgment in Defendants' favor.

**IV. Conclusion**

The Court finds that Defendants' Motion for Summary Judgment [21] should be, and is hereby, granted. A separate judgment will be entered in accordance with Fed. R. Civ. P. 58.

SO ORDERED, this the 23rd day of September, 2019.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE